# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| CECELIA R. MUEHLFELD, | CASE NO. 3:23-CV-00225-JJH |
| Plaintiff, | JUDGE JEFFREY J. HELMICK |
| vs. | MAGISTRATE JUDGE DARRELL A. CLAY |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | REPORT AND RECOMMENDATION TO DENY APPLICATIONS TO PROCEED IN FORMA PAUPERIS |
| Defendant. | [ECF #2, #7] |

## INTRODUCTION

In this action challenging the denial of social security benefits, Plaintiff Cecelia Muehlfeld has requested to proceed in forma pauperis (IFP). (ECF #2, #7). This matter is before me pursuant to a referral under Local Civil Rule 72.2 for preparation of a Report and Recommendation. (Non-document entry of Feb. 6, 2023).

For the reasons discussed below, I recommend the District Court **DENY** Ms. Muehlfeld's request to proceed IFP. I further recommend that, if Ms. Muehlfeld's request to proceed IFP is denied, then she be **ORDERED** to pay the applicable filing fee within fourteen days of the date of any such order.[1]

## BACKGROUND

On February 6, 2023, Ms. Muehlfeld filed a Motion to Proceed *In Forma Pauperis*. (ECF #2). The motion – essentially a declaration signed by Ms. Muehlfeld – a provided pertinent information about her and her spouse's monthly earnings, the value of real estate, investments,

---

[1] I issue this Report and Recommendation pursuant to *Woods v. Dahlberg*, 894 F.2d 187, 187 (6th Cir. 1990), which holds that denial of motion to proceed IFP is outside the scope of Magistrate Judge's authority because "denial of such a motion is the functional equivalent of an involuntary dismissal." *Id.* at 187.

1

and other property, and the debt she carries, but did not provide, among other things, any information concerning her monthly expenses. (*See id.*). The motion also disclosed that she and her spouse had a combined total $2,069 in cash on hand and in checking and savings accounts. (*Id.* at PageID 24).

Because I found the information in the initial motion deficient in important respects, on February 7, 2023, I ordered Ms. Muehlfeld to resubmit her request to proceed IFP by February 13, 2023, using Form AO 239. (ECF #6). Ms. Muehlfeld timely submitted a revised application. (ECF #7).

In her revised application, Ms. Muehlfeld reported a decrease in her monthly income compared to what she previously disclosed (from $1240 to "around" $900). (ECF #7 at PageID 35). Her spouse's income, however, increased by $180 a month. (*Id.*). She indicated that she and her spouse were not supporting any dependents. (*Id.* at PageID 37). They noted spending what appears to be a combined total of $400 a month in groceries, with her spouse spending an additional $500 a month on "food." (*Id.*). In addition to other monthly expenses, they reported spending $260 in phone charges and another $100 for internet access. (*Id.*). She stated that she and her spouse "live paycheck to paycheck" and "inflation has made it worse," but also that "after bills & groceries I am lucky to have maybe $100 for cost of living." (*Id.* at PageID 38). In other words, she acknowledged that her and her spouse's combined income exceeds their monthly expenses.

In response to question 6, she stated she had no money on hand. (*Id.* at PageID 36). She also scratched through what appeared to be an initial response regarding amounts her spouse had on deposit in a savings account:

> 6. How much cash do you and your spouse have? $ ~~ ~~ none
> Below, state any money you or your spouse have in checking or savings accounts or in any other financial institution. If incarcerated, also include your prisoner accounts.
>
> | Financial Institution | Type of Account | Amount You Have | Amount Your Spouse Has |
> |---|---|---|---|
> | Huntington | Savings | $ | $ ~~ ~~ |
> |  | Checking | $ | $ |
> |  |  | $ | $ |

(*Id.* at PageID 36). No explanation was provided for what happened to the funds previously reported as being on hand and on deposit.

2

Finally, although she is represented by counsel in this matter, she denied that she was paying counsel or anyone else for any services in connection with this case or in completing the IFP application. (*Id.* at PageID 38).

## LAW AND ANALYSIS

A plaintiff may proceed IFP if "the person is unable to pay such fees or give security" as required for a suit's filing. 28 U.S.C. § 1915(a)(1). In *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331 (1948), the Supreme Court set forth the legal standards governing applications to proceed IFP, noting that "one must not be absolutely destitute to enjoy the benefit of the statute" and that the statute does not require an individual to "contribute . . . the last dollar they have or can get." *Id.* at 339. The Court explained that "[t]he public would not be profited if relieved of paying costs of a particular litigation only to have imposed on it the expense of supporting the person thereby made an object of public support." *Id.* Rather, what is required is a demonstration via affidavit that "because of his [or her] poverty," the applicant cannot pay the fee and continue to provide for the necessities of life. *Id.* Courts evaluating applications to proceed IFP generally consider an applicant's employment, annual income and expenses, and any other property or assets the individual possesses. *Giles v. Comm'r of Soc. Sec.*, No. 14-CV-11553, 2014 WL 2217136, at *1 (E.D. Mich. May 29, 2014).

In her initial motion and in the revised application, Ms. Muehlfeld indicated she is currently employed, as is her spouse. (ECF #2 at PageID 23; ECF #7 at PageID 35-36). The initial motion also noted additional income in the last 12 months in the form of an art commission, and that her husband received a one-time gift from his grandfather of several thousand dollars. (ECF #2 at PageID 23). She also stated that she and her spouse had over $2,000 in cash on hand and in bank account deposits. (*Id.* at PageID 24). They reported having $10,000 in equity in their residence. (*Id.*).

As noted above, the revised application changed certain responses. It provided pertinent detail regarding their monthly expenses. But it also left unanswered other questions. And it was contradictory to the initial motion in other respects.

In light of the unexplained contradictions between the initial motion and the revised application, the acknowledged fact that her and her spouse's combined income exceeds their monthly expenses, the recent but unexplained apparent dissipation of funds previously on hand

3

and in bank accounts, and other concerns about the accuracy of her responses, I conclude Ms. Muehlfeld has not demonstrated that she qualifies for IFP status. As noted above, her revised application reflects that she and her spouse have a monthly gross income in excess of their monthly expenses. Financial ability has been found, and thus IFP denied, where income and assets exceed monthly expenses. *See, e.g., Gonzalez v. Comm'r of Soc. Sec.*, No. 1:18-cv-890, 2018 WL 11435256 (N.D. Ohio May 3, 2018); *Hasselback v. Comm'r of Soc. Sec.*, No. 3:17-CV-00307-CRS, 2017 WL 3032430 (E.D. Ky. July 14, 2017); *Boykin v. Comm'r of Soc. Sec.*, 1:17 CV 235, 2017 WL 1023795 (N.D. Ohio Mar. 16, 2017).

On an annualized basis, the combined annual income of Ms. Muehlfeld and her spouse of between $30,000 and $33,000 (based on combined monthly income of between $2500 and $2750, *see* ECF #7 at PageID 36) substantially exceeds the 2023 federal poverty guideline for a family of two of $19,720. *See* HHS Poverty Guidelines for 2023, http://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited Feb. 14, 2023). Although not the applicable standard for determining entitlement to IFP status, these guidelines are used to determine financial eligibility for certain federal programs. As such, they provide a useful reference point in determining whether an individual is in poverty and, thus, likely unable to pay the required filing fee. *See Levet v. Comm'r of Soc. Sec. Admin.*, No. 1:14-CV-01378, 2014 WL 3508893, at *2 n.1 (N.D. Ohio July 15, 2014).

Ms. Muehlfeld and her spouse have significant equity in their residence. (ECF #2 at PageID 23.) They own two cars with a combined value of more than $14,000. (ECF #7 at PageID 36). They spend over $350 a month on phone and internet charges (*id.* at 36-37) – expenses that could reasonably be reduced to address the other expenses they profess having trouble meeting and also meet the required filing fee. *See Lewis v. McKinley County Bd. of Cty. Comm'rs*, 425 F. App'x 723, 732 (10th Cir. June 7, 2011) (adopting district court's reduction of claimed monthly expenses by amounts that were excessive or not for necessities).

Finally, "[i]n addition to considering an individual IFP applicant's monthly income, federal courts have consistently considered his or her other financial resources, including resources that could be made available from the applicant's spouse, or other family members, as well as equity in real estate and automobiles." *Levet*, 2014 WL 3508893 at *2 (quotation omitted); *see also Reynolds v. Crawford*, No. 1:01–cv–877, 2009 WL 3908911, at *1 (S.D. Ohio Nov. 17, 2009) ("The case law

4

also directs the courts to consider the income and assets of the applicant's spouse in assessing an application to proceed in forma pauperis.") (collecting cases). When this case was first filed, Ms. Muehlfeld and her spouse had cash on hand and on deposit of $2,069 – more than five times the required filing fee of $402. As I noted earlier, the revised application provided no explanation as to the status of the monies that were on hand just two weeks previous.

All of the foregoing leads me to conclude that paying the filing fee would not impose an undue hardship on Ms. Muehlfeld. Instead, this is a case where she must "weigh the financial constraints posed by pursuing her complaint against the merits of her claims." *Behmlander v. Comm'r of Soc. Sec.*, No. 12-cv-14424, 2012 WL 5457466, at *2 (E.D. Mich. Oct. 16, 2012), *report and recommendation adopted*, 2012 WL 5457383 (E.D. Mich. Nov. 08, 2012).

## Conclusion

For the foregoing reasons, I recommend the District Court **DENY** Ms. Muehlfeld's request to proceed *in forma pauperis*. I further recommend that, if Ms. Muehlfeld's request to proceed *in forma pauperis* is denied, then she be **ORDERED** to pay the applicable filing fee within fourteen days of the date of any such order.

Dated: February 14, 2023

_____
DARRELL A. CLAY
UNITED STATES MAGISTRATE JUDGE

## Objections, Review, and Appeal

Within 14 days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the Magistrate Judge. *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); Local Civ. R. 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal, either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the Report and Recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the Report and

Recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the Magistrate Judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, at *2 (W.D. Ky. June 15, 2018) (quoting *Howard*, 932 F.2d at 509). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).